ACCEPTED
03-14-00129-CV
5678335
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/15/2015 2:18:56 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00129-CV

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/15/2015 2:18:56 PM
JEFFREY D. KYLE
Clerk

CITY OF NEW BRAUNFELS, GALE POSPISIL, ROBERT CAMERENO, TOM WILBER AND MARY QUINONES,

*Appellants*

v.

GARRISON MAURER D/B/A COMAL TOWING, JERAMIE HERNANDEZ D/B/A JJ TOWING, AND ROBERT FLEMING D/B/A PRO CARE WRECKER SERVICE,

*Appellees*

ON APPEAL FROM THE 433RD JUDICIAL DISTRICT COURT, COMAL COUNTY, TEXAS
HONORABLE DIB WALDRIP, PRESIDING
CAUSE NO. C2013-0517D

## APPELLEES' RESPONSE TO APPELLANTS' MOTION TO DISMISS ENTIRE CASE AS MOOT

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellees respectfully present this response to appellants' motion to dismiss. Appellees want it made clear to the Court that they are not opposed to appellants' request that their appeal be dismissed. Appellees, however, assert that appellants are not entitled to all of the relief requested in their

motion. Specifically, appellants are not entitled to a judgment[1] from this Court dismissing all of appellees' claims with prejudice.

## I.

This interlocutory appeal was initiated by appellants after the trial court denied appellants' plea to the jurisdiction. CR 520. Because the plea was denied, appellees could proceed to trial on their various claims against appellants, which include *ultra vires* claims and violations of the Texas Open Meetings Act. *See* CR 119-29.

## II.

"While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case . . . ." TEX. R. APP. P. 29.5. Although further proceedings were stayed in the trial court during the pendency of this appeal, *see* TEX. CIV. PRAC. & REM. CODE § 54.014(b), jurisdiction over the entire case, which included claims against other defendants that are not parties to this appeal,[2] remains vested in the trial court. *See* TEX. R. APP. P. 29.5.

## III.

The Court does not have the authority to dismiss all of appellants' claims with prejudice given the procedural posture of this appeal. Instead,

---

[1] Appellants did not specifically request a judgment from the Court dismissing appellees' claims with prejudice, but a final judgment would have to be entered to effectuate the relief requested by appellants.

[2] Appellees also sued other towing companies for tortious interference with prospective business relations, business disparagement, and defamation. CR 130-32.

2

there are two options: "dismiss the appeal or affirm the appealed judgment or order." TEX. R. APP. P. 42.3. As is explained above, appellees are not opposed to a dismissal of appellants' appeal. But there is simply no basis for appellants to request that this Court enter a judgment dismissing appellees' claims with prejudice. Any resulting "final judgment" must be issued from the trial court as it is the court with continuing jurisdiction over appellees' claims. *See* TEX. R. APP. P. 29.5.

WHEREFORE, PREMISES CONSIDERED, appellees respectfully request that this Court deny the appellants' Motion to Dismiss Entire Case as Moot to the extent that appellants request that the Court dismiss all of appellees' claims with prejudice. Appellees also request that the Court grant them such other and further relief to which they may be justly and equitably entitled.

Respectfully submitted,


/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III
State Bar No. 24041135
HOUSTON DUNN, PLLC
4040 Broadway, Suite 440
San Antonio, Texas 78209
(210) 775-0882
(210) 826-0075 (fax)
Email: sam@hdappeals.com

DANIEL P. MCCARTHY
State Bar No. 13367100
MCCARTHY LAW FIRM, P.C.
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
(210) 572-7888
(210) 979-8734 (fax)
Email: dan@mccarthy-law.com

ATTORNEYS FOR APPELLEES


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served in accordance with the Texas Rules of Appellate Procedure on the 15th day of June, 2015, to the following:

Ryan Henry                                  *via email/eservice*
Law Offices of Ryan Henry, PLLC
1380 Pantheon Way, Suite 215
San Antonio, Texas 78232
ryan.henry@rshlawfirm.com


/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III